

**SIGNED this 14th day of October, 2014**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | No. 10-10820 |
| | Chapter 7 |
| ROBERT ALLEN GARNER, | |
|     Debtor; | |
| | |
| MITZI SUE GARNER, | |
|     Plaintiff | |
| v | Adversary Proceeding |
| | No. 11-1047 |
| ROBERT ALLEN GARNER, | |
|     Defendant. | |

**MEMORANDUM**

This case presents the issue of whether, under 11 U.S.C. §§ 523(a)(5) or (15), the Court can enter an Order finding that certain obligations arising under a divorce decree are non-dischargeable when the amount and nature of those obligations is still in dispute in the state courts.

Plaintiff Mitzi Sue Garner ("Plaintiff"), brings this action against defendant debtor Robert Allen Garner ("Defendant" or "Debtor"), her former spouse, pursuant to 11 U.S.C. §§ 523(a)(5) and (15) seeking a finding from this court that certain domestic support obligations outlined in a final decree entered by the Hamilton County Chancery Court on February 23, 2011, Docket No. 09-D-1210, finalizing the parties' divorce ("Final Decree") are non-dischargeable. *See* [Doc. No. 1-1, Final Decree]. She asserts that the obligations ordered by the state court in the Final Decree constitute "domestic support obligations" as defined by 11 U.S.C. § 101(14)(a) or constitute non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(15). Neither is dischargeable. The Defendant in his answer to the Complaint argues that he has filed a timely appeal of the Final Decree, and under Tennessee law, the debt owed to the Plaintiff as a domestic support obligation or other debt owed under § 523(a)(15) is not yet final. He asserts that because the Final Decree has not been fully adjudicated, this adversary proceeding is not yet ripe for this court's review. Plaintiff has filed a motion for summary judgment, and the Defendant has not responded.

**I.    Background**

The parties were married in July of 1977 and have two children, ages 20 and 15. They separated in 2009, and the Plaintiff began marital dissolution proceedings in Hamilton County Circuit Court. The Defendant filed a Chapter 13 bankruptcy petition on February 13, 2010.

[Bankr. Case No. 10-10820, Doc. No. 1]. On January 21, 2011 the court converted the case to a Chapter 7 case. [Bankr. Case No. 10-10820, Doc. No. 57].

The Plaintiff filed a complaint for divorce in June of 2009. *See* [Doc. No. 21-1, Appellate Court Opinion, p. 2]. Prior to the trial on the parties' divorce, the trial court ordered the Defendant to pay $1,501 in temporary child support and $1,169 in alimony per month pending the outcome of the divorce trial. *Id.* The trial court held a trial on the issues relating to the parties' divorce on October 14, 2010 and November 9, 2010. Appellate Court Opinion, p. 2. The parties stipulated to a divorce and tried the other issues. The court issued a memorandum opinion in the Circuit Court of Hamilton County on November 11, 2010. [Doc. No. 1-1, Memorandum Opinion, p. 10]. It notes that "an award of attorneys' fees is in the nature of alimony and should not be awarded in this case" and addresses a permanent parenting plan.

Both parties filed motions to alter or amend the trial court's memorandum opinion. [Doc. No. 21-1, Appellate Court Opinion, p. 3]. On February 23, 2011 the trial court entered the Final Decree of divorce. *Id. See* [Doc. No. 1-1, p. 1, Final Decree of Divorce]. The Defendant alleges that the Final Decree granted the parties a divorce, but it did not classify any alimony for the Plaintiff. The Plaintiff's complaint includes a copy of the Final Decree, which included $31,038.84 of child support and spousal support arrearages. Final Decree, ¶ 17. The court divided the Plaintiff's and Defendant's assets and liabilities and calculated a net marital estate to the Plaintiff in the amount of $67,226.44 and a net marital estate to the Defendant of $83,308.19. *Id.* at ¶ 8. The court also divided up the parenting obligations of the Plaintiff's and Defendant's two sons. *Id.* at ¶ 11. The Final Decree incorporates the memorandum opinion into it. *See* Final Decree, ¶ 11. In summary, the Final Decree creates the following obligations upon Mr. Garner:

The Court assesses the following liabilities to the Defendant:

3

| | |
|---|---:|
| Regions Bank (2nd mortgage) | $17,557.47 |
| Bank of America | $10,958.00 |
| Comcast | $596.00 |
| Ford Credit (Explorer) | $4,314.36 |
| Target | $1,307.00 |
| Sam's Club | $1,231.00 |
| Sears | $8,760.00 |
| Beneficial Tennessee | $31,967.98 |
| Garner's Gym | $405,000.00 |
| Total Liabilities to Defendant | $481,691.81 |

. . .

> The Court determines that the Defendant is in arrears with regard to child support, in the amount of $15,833.00, and spousal support, in the amount of $15,205.84, for a total arrearage of $31,038.84, which amount shall be paid by the Defendant at the rate of $250.00 per month, until such time as Jonah is emancipated, and then shall be paid by the Defendant at the rate of $500.00 per month, until fully satisfied . . . .

Final Decree, ¶¶ 7, 17.

Both parties filed motions to alter or amend under Rule 59.04 of the Tennessee Rules of Civil Procedure. *See* [Doc. No. 21-1, Appellate Court Opinion, p. 3]. On March 24, 2011 the state court entered an amended order that stated,

> The Court has already determined the ability to pay of Mr. Garner in its findings concerning income and the equitable division of assets and liabilities. The Court reiterates that division is equitable. However, were Mr. Garner to not pay the obligations imposed upon him by the Court, thereby having those obligations default to Mrs. Garner, the division would not be equitable and she would not have the means to support herself. The Court further finds Mr. Garner has the greater earning capacity than does Mrs. Garner. The relative educations and trainings of the parties are comparable. This is a marriage of 23 years duration. All other factors are comparable with the exception that the provisions made with regard to marital property would have an impact on the alimony need were Mr. Garner not to pay them. Accordingly, the Court finds the debt imposed upon [Defendant] is in the nature of transitional alimony.

[Doc. No. 1-1, Order, p. 2]. The court ordered the Final Decree amended accordingly. The court amended the Final Decree by ordering the parties to meet:

4

> Mr. Garner contends the number of days is not calculated correctly. The Court orally ordered the parties to meet to obtain a resolution of this issue. They are ORDERED to do so within fifteen (15) days of entry of this Order and report to the Court whether or not it needs to address this last issue.

[Doc. No. 21-1].

Through an error of the court, the parties did not receive copies of the amended order promptly. The court entered another order entitled "Order Amending Clerk's Certificate" on April 6, 2011 that provided that the amended order dated March 24, 2011 would be deemed entered as of April 6, 2011. *See* [Doc. No. 21-1, Appellate Court Opinion, p. 4].

The Defendant filed an appeal of the Circuit Court's Final Decree and the April 6, 2011 order. In his appeal he raised three issues: (1) whether the trial court properly valued the marital property; (2) whether the trial court properly awarded transitional alimony; and (3) whether the trial court erred in calculating alimony and child support. *See* [Doc. No. 12, Trial Brief of Defendant, p. 3]. The Plaintiff filed her complaint ("Complaint") in this proceeding on April 26, 2011. [Doc. No. 1].

The Defendant has delayed trial in this adversary proceeding contending that because the state appellate court had not issued its final ruling, this court was not in a position to make a determination of non-dischargeability pursuant to 11 U.S.C. § 523(a)(5) and § 523(a)(15). Defendant argued that "there has been no final adjudication of the case and thus, the issues raised in Plaintiff's Complaint are not ripe for adjudication in this adversary proceeding." *Id.* at p. 5.

On May 11, 2012 the Defendant provided this court with a copy of the appellate court's decision issued in the state court appeal of the Final Decree and April 6, 2011 order. [Doc. No. 21, 21-1]. The appellate court issued its decision on April 5, 2012. [Doc. No. 21-1]. It found that

5

it was without jurisdiction to hear the appeal due to the lack of a final order in the Circuit Court. The appellate court determined:

> The trial court's March 24, 2011 order specifically instructed the parties to meet within 15 days of the order and seek resolution of their dispute regarding the number of parenting days allocated to each parent. They were ordered to report back to the trial court on whether it needed to further address the issue of parenting time. The trial court's order indicates that the issue of the parties' parenting arrangement remained in the bosom of the trial court and its order on parenting time could be revised. Under these circumstances, we must conclude that the trial court's March 24, 2011 order is not a final, appealable judgment. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

[Doc. No. 21-1, p. 5]. As of the date of this opinion, the court is unaware of any issuance of a final judgment by the trial court.

This court held a status hearing in this adversary proceeding on August 6, 2014. Both parties appeared pro se. Prior to the hearing the Plaintiff filed a trial brief pro se that addressed the merits of her claims. *See* [Doc. No. 44]. At the hearing the court informed the parties that it would convert the Plaintiff's trial brief into a motion for summary judgment. It provided the Defendant with time to respond to the Plaintiff's motion. *See* [Doc. No. 47]. The Defendant has failed to file a response to the Plaintiff's motion for summary judgment.

## II.     Jurisdiction

28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district provide this court with jurisdiction to hear and decide this adversary proceeding. The Plaintiff's action regarding the dischargeability of particular debts is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(I).

## III.    Standard of Review

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to bankruptcy adversary proceedings. *See* Fed. R. Bank. P. 7056. Summary judgment

is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kava v. Peters*, No. 09-2327, 2011 WL 6091350, at *3 (6th Cir. Dec. 7, 2011).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The Defendant has failed to respond to the Plaintiff's motion for summary judgment. However, the Sixth Circuit has cautioned courts in this Circuit that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his burden on summary judgment]." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

7

**IV.    Analysis**

11 U.S.C. § 727 provides for discharge from debt unless excepted from discharge pursuant to 11 U.S.C. § 523. 11 U.S.C. § 727(a)-(b). 11 U.S.C. §§ 523(a)(5) and (a)(15) state in relevant part:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt – . . .
>
> (5) for a domestic support obligation; . . . .
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit; . . .

11 U.S.C. §§ 523(a)(5), 523(a)(15). The creditor must prove by a preponderance of the evidence that a debt is nondischargeable under 11 U.S.C. § 523. *See Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659 (1991). *See also, Lewis v. Lewis (In re Lewis)*, 423 B.R. 742, 751 (Bankr. W.D. Mich. 2010).

The Bankruptcy Code defines a "debt" as "liability on a claim." 11 U.S.C. § 101(12). The Code defines the term "domestic support obligation" in the following way:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> (A) owed to or recoverable by –
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –

> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

The obligations imposed on Mr. Garner for child support by the Final Decree are domestic support obligations. They are owed to his former spouse. They are in the nature of alimony, maintenance, and support based on the language in the Circuit Court's memorandum.

In the amended order the court specifically found the allocation of certain debts made the division of property equitable and impacted the alimony. The court concluded that the obligation to pay those debts was in the nature of transitional alimony and are not dischargeable under Section 523(a)(5). Even if the court were to determine that the obligations were a property settlement and not domestic support obligations, they are obligations to a spouse incurred by the Debtor in the course of a divorce or in connection with a divorce decree. The obligations fall within the description of § 523(a)(15). *See Cooper v. Cooper (In re Cooper)*, No. 09-3068, 2010 WL 1992372, at *3 (Bankr. E.D. Tenn. May 18, 2010) (finding that with respect to a claim of nondischargeability pursuant to 11 U.S.C. § 523(a)(15), the plaintiff must prove the following by a preponderance of the evidence: "(1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record").

9

Although a Chapter 13 debtor may obtain a discharge of § 503(a)(15) debt pursuant to 11 U.S.C. § 1328, a Chapter 7 debtor cannot discharge either § 503(a)(5) or § 503(a)(15) debt. In *In re Yarborough* the bankruptcy court noted in a decision involving a motion to convert a chapter 7 case to a chapter 13 case that was allegedly not brought in good faith that "[t]here is no question that if [the debtor's ex-spouse] is successful in his adversary proceeding, any portion of the $36,340.00 debt owed to him by the Debtor found to fall within the scope of § 523(a)(5) or (15) would be nondischargeable in the Chapter 7 case but would be discharged under Chapter 13 if found to be a debt within the scope of § 523(a)(15)." No. 12-30549, 2012 WL 4434053, at *7 (Bankr. E.D. Tenn. Sept. 24, 2012). In *Yarborough* the bankruptcy court noted that Chapter 13 bankruptcies have "more favorable discharge provisions" than Chapter 7 bankruptcies relating to debts owed to former spouses.

> As a leading bankruptcy treatise explains:
>
> Section 523(a)(15) provides unqualifiedly that a debt encompassed by section 523(a)(15) is nondischargeable. Thus, with respect to dischargeability in cases under chapters 7, 11 and 12, all of which base dischargeability on section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship *is of no practical consequence*. However, in chapter 13, debts encompassed by section 523(a)(5) are not dischargeable, while debts encompassed by section 523(a)(15) are dischargeable.

COLLIER ON BANKRUPTCY ¶ 523.11[1] (2014) (emphasis added). Therefore, regardless of whether debts owed to Plaintiff by Debtor fall under the scope of Section 523(a)(5) or Section 523(a)(15), all such debts in question owed by Debtor to Plaintiff are non-dischargeable as a matter of law.

The only other issue for the court to address is whether the existence of an appeal impacts the court's ability to decide the dischargeability issue. In *Rogers v. Rogers*, the bankruptcy court faced the issue of how to handle a complaint to determine nondischargeability of obligations

10

imposed pursuant to a divorce decree when an appeal of the decree was pending. No. 05-3368, 2008 WL 1740248, at *1 (Bankr. E.D. Tenn. 2008). The court noted that it "entered an Order adjourning the trial indefinitely to allow the parties to proceed with an appeal of their state court divorce action in the Circuit Court of Blount County . . . ." *Id.* Upon the filing of a status report pertaining to the court of appeals affirmance with some modification of the original divorce decree, the court scheduled a status conference and proceeded to review the merits of the plaintiff's claims of nondischargeability. *Id.*

> However, in *In re Lewis* the bankruptcy court noted that:
>
> [t]o be a "domestic support obligation" it is also required that the debt be "in the nature of alimony, maintenance, or support . . . of such spouse [or] former spouse . . . without regard to whether such debt is expressly so designated." § 101(14A)(B). The "domestic support obligation" may be established "before, on, or after" the bankruptcy filing "by reason of applicable provisions of a . . . divorce decree . . . [in] an order of a court of record . . . ." § 101(14A)(C). It should be noted that the definition does *not* require the order *by* a divorce court to be "final" or "nonappealable."

423 B.R. at 748 (emphasis in original). Indeed, a noted treatise explains that the "subject to establishment" language makes the term "domestic support obligation" "more expansive than the type of debt covered under the prior version of section 523(a)(5)." COLLIER ON BANKRUPTCY ¶ 523.11 (2014). *Collier on Bankruptcy* further notes that "[i]t is likely that the expanded scope of the exception established by the 2005 amendments will apply to claims for alimony or support that have actually been filed or otherwise asserted but have not yet been determined as of the filing of the bankruptcy case. . . ." *Id.*

> The court in *In re Lewis* went on to consider whether obligations imposed by a state court's temporary order were nondischargeable. 423 B.R. at 748-50. It noted:
>
> Is a final divorce decree or judgment required? It seems not. First, the debt need not be established; it is sufficient if the debt is "subject to establishment" without

11

Case 1:11-ap-01047-SDR  Doc 49  Filed 10/15/14  Entered 10/15/14 07:56:44  Desc
Main Document    Page 12 of 13

>reference to the bankruptcy filing date. § 101(14A)(C). Second, the [domestic support obligation] may be in "an order of a court of record." *Id.* Finally, the debt must be "owed to or recoverable by" designated persons or entities including a "spouse, former spouse, or child of the debtor." §101(14A)(A).

*Id.* at 750. The court concluded that the obligations in the temporary order were not "support" under § 523(a)(5), but determined that it would abstain from determining whether the obligations were nondischargeable under 11 U.S.C. § 523(a)(15), noting that "[t]he state court, with far greater expertise in divorce matters, is authorized to decide those nondischargeable debt issues." *Id.* at 757. It further denied the plaintiff's "request that this court decide a *future* issue of dischargeability or nondischargeability under a *future* state court final divorce judgment or order." *Id.* at 758 (emphasis in original).

In this adversary proceeding, the court concludes that it has an established debt in the Final Decree from the state trial court. While a further subsequent appellate court ruling may change the amount of the debt, it will not change the fact that the obligation is either a domestic support obligation or an obligation incurred in connection with a divorce. Any debts contained in a final order will be subsumed within the scope of *either* Section 523(a)(5) *or* Section 523(a)(15) and are therefore non-dischargeable debts. Accordingly, the court will grant the Plaintiff's motion for summary judgment finding that the obligations are nondischargeable. However, the court will not go further and enter a judgment. Like the *Lewis* court, this court will abstain from making a determination regarding the specific amount and will leave the final calculation to the Circuit Court which has concurrent jurisdiction to enter the judgment.

### V.     Conclusion

The court concludes that because the Debtor has converted his bankruptcy case from a Chapter 13 to a Chapter 7, all debts which are defined under either 11 U.S.C. § 523(a)(5) or 11

U.S.C. § 523(a)(15) are non-dischargeable as a matter of law. The state court's final judgment, and any subsequent appellate court ruling, will determine the extent and amount of debts defined by both of those provisions, but this court does not need a final order from the state court to issue a judgment in favor of the Plaintiff finding that any debts imposed by the Final Decree fall within the meaning of Section 523(a)(5) and Section 523(a)(15) and are non-dischargeable. The court will abstain from entering a judgment for a final amount and defer to the state court to enter a judgment as to the amount.

     The court therefore accordingly will GRANT the Plaintiff's motion for summary judgment regarding the nondischargeability of debts owed to the Plaintiff. The clerk is ordered to close the case.

     A separate order of judgment will enter.

# # #